UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHAN W. CLOUSER, | : | 1:12-CV-01870 |
| | : | |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| TODD JOHNSON, *et al.,* | : | |
| | : | |
| Defendants | : | |

# **REPORT AND RECOMMENDATION**

## **I. Introduction.**

The plaintiff, Nathan W. Clouser, claims that the defendants violated his constitutional rights in connection with criminal proceedings against him. Clouser has filed a motion for summary judgment seeking summary judgment in his favor as to some of his claims. Because Clouser has not established that he is entitled to summary judgment, we recommend that his motion for partial summary judgment be denied.

## **II. Background and Procedural History.**

Clouser, proceeding *pro se*, began this action by filing a complaint naming as defendants the following officers: Todd Johnson, a detective in charge of the

Dauphin County Drug Task Force (task force); Regis Vogle, III, an officer with the task force; and John Goshert, a supervisor of the Dauphin County Criminal Investigative Division (CID).

Clouser alleges that, on March 15, 2011, the defendants, other members of the task force, Pennsylvania State Police troopers, and DEA agents executed a warrant at his residence in Millersburg, Pennsylvania. When the police entered his residence, Clouser was placed in restraints, moved to the rear of the residence, and given *Miranda* warnings. According to Clouser, he immediately requested an attorney. During the search, Clouser was moved to the front of the residence, where defendant Vogel allegedly questioned him for approximately an hour. Clouser alleges that he was then again given *Miranda* warnings, and he again immediately requested an attorney.

After the search, Clouser was arrested for attempt to manufacture Fentanyl and unlawful use of a communication device. Defendants Johnson and Goshert then transported him to central booking in Harrisburg, and from there Clouser alleges that he was remanded to the Dauphin County Prison in lieu of $250,000 bail.

According to Clouser, on March 17, 2011, he met with a representative of the Dauphin County Public Defender's Office, and a case file was opened.

Clouser alleges that, on March 29, 2011, members of the Sheriff's Office transported him to a holding cell in the Dauphin County Courthouse, and defendant Johnson then transported him to CID offices. According to Clouser, after he informed Johnson that he had met with the Public Defender's Office, he asked whether his attorney would be present, and Johnson stated that he would attempt to contact Clouser's attorney. Johnson asked Clouser to sign consent-to-search forms for two packages that were seized after his arrest as well as for six electronic devices that were seized during the original search. Clouser asserts that he again asked for a lawyer. According to Clouser, Johnson then responded that he did not believe that any attorneys were available, that it would help Clouser later if he signed the consent forms, and that, if Clouser did not sign the forms, he would just get a search warrant anyway. Clouser eventually relented and signed the forms. According to Clouser, defendant Vogle was aware of his request for counsel, and Vogle witnessed him signing the consent forms. Clouser claims that by asking him to sign the consent

forms without his attorney, defendants Johnson and Vogle violated his Sixth Amendment right to counsel.

Clouser alleges that defendant Johnson repeatedly continued his preliminary hearing knowing that there was no probable cause to hold him and that a preliminary hearing would fail. Clouser was federally indicted on October 5, 2011,[1] and all local charges were withdrawn before a preliminary hearing was held.

---

1 The court may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they are "generally known within the trial court's territorial jurisdiction" or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). The docket and documents in Clouser's federal criminal case—*United States v. Clouser,* 1:11-cr-00282 (M.D.Pa.)—are public records of which we can take judicial notice. *See Wilson v. McVey*, 579 F. Supp. 2d 685, 688 (M.D. Pa. 2008)(taking judicial notice of court docket); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)(stating that the court "may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity"). According to the docket in Clouser's federal criminal case, after he was indicted for manufacturing, distributing, and possessing with the intent to manufacture and distribute a mixture and substance containing a detectable amount of Fentanyl and methamphetamine, he waived his right to prosecution by indictment and consented to prosecution by information, and he was charged by a superseding information with two counts of using a communication facility in causing and facilitating the commission of a drug offense in violation of 21 U.S.C. § 843(b). He then pleaded guilty to the two counts in the

Clouser alleges that defendant Johnson intentionally or with reckless disregard included false statements in the affidavit for probable cause for the search warrant and that those statements were necessary to the finding of probable cause. More specifically, Clouser alleges that Johnson stated in the affidavit of probable cause that he had been involved in Clouser's arrest and conviction in 2003 for manufacturing MDMA. According to Clouser, although he was arrested in 2003, that arrest was for delivery of Heroin and escape, and at no time was he arrested for, or convicted of, manufacturing MDMA. Clouser also alleges that Johnson stated in the affidavit of probable cause that he had confirmed that Clouser ordered and received all of the components to manufacture Fentanyl. According to Clouser, the evidence that he received in discovery in his criminal trial shows that he did not order or receive any of the main precursors, or the incidents to make them, of Fentanyl. Clouser alleges that Johnson's false statements resulted in a warrant authorizing an illegal search in violation the Fourth Amendment, and defendants Vogle and Goshert were present and participated in the illegal search. Clouser also

---

superseding information and, on June 11, 2012, Judge Jones sentenced Clouser to a total of 96 months imprisonment.

claims that by making false statements in order to subvert the processes that are meant to protect against illegal searches and seizures, Johnson violated his Fourteenth Amendment due process rights.

Clouser also alleges that defendant Johnson intentionally or with reckless disregard included false statements in the affidavit for probable cause for the warrant for his arrest. More specifically, Clouser alleges that Johnson stated in the affidavit of probable cause that, at the time of the search, a DEA chemist had identified all the components necessary to manufacture Fentanyl. According to Clouser, however, the chemist identified only minor precursors of Fentanyl at the time of the search. That false statement, according to Clouser, rendered the arrest warrant illegal. While Clouser acknowledges that there were other, valid warrants for his arrest for other outstanding charges, he alleges that those other charges were dealt with on April 11, 2011, and, after that date, the only thing holding him in custody was the invalid arrest warrant. Clouser claims that he suffered unlawful imprisonment in violation of the Fourth Amendment from April 11, 2011, until October 4, 2011.

According to Clouser, after his arrest, two packages were seized without a warrant and without probable cause. One of the packages was sent through the United States mail. The other was sent through UPS and was taken off the porch of his residence. Clouser believes that Johnson altered the chain-of-custody documents to make it appear that the package sent via UPS was sent through the United States mail. In response to discovery requests propounded during Clouser's criminal case, Johnson allegedly failed to submit a consent-to-search form for the package sent through the United States mail. Rather, he submitted two copies of the consent-to-search form for the package sent via UPS. Clouser believes this to have been an effort by Johnson to hide his tampering with evidence, and, according to Clouser, this violated his Fourth Amendment, Fifth Amendment, and Fourteenth Amendment rights.

Clouser further alleges that the defendants were involved in an incident in 2008 that was the subject of a federal lawsuit—*Perry v. Borough of Middletown,* 1:10-CV-00911 (Carlson, M.J.). That case was dismissed, in April of 2011, after

7

the parties settled the case. According to Clouser, the defendants' involvement in that case shows a pattern of abuse and reckless disregard for civil rights by the defendants.

In response to motions to dismiss the complaint filed by the defendants, the Court dismissed all claims against defendant Goshert and all claims against defendant Vogel except the Sixth Amendment claim. The Court also dismissed the Fifth Amendment and substantive due process claims against defendant Johnson. Thus, the remaining claims are the Sixth Amendment claims against defendants Vogel and Johnson and the Fourth Amendment and procedural due process claims against defendant Johnson.

On July 31, 2013, Clouser filed a motion for partial summary judgment. The parties have fully briefed that motion, and we address that motion in this Report and Recommendation.

**III. Discussion.**

**A. Summary Judgment Standard.**

Clouser has moved for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Through summary adjudication the court may dispose of those claims that do not present a 'genuine dispute as to any material fact' and for which a jury trial would be an empty and unnecessary formality." *Goudy-Bachman v. U.S. Dept. of Health & Human Services*, 811 F. Supp. 2d 1086, 1091 (M.D. Pa. 2011)(quoting Fed.R.Civ.P. 56(a)).

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the

nonmoving party must show a genuine dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed.R.Civ.P. 56(c).

The substantive law identifies the facts that are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). When "faced with a summary judgment motion, the court must view the facts 'in the light most favorable to the nonmoving party.'" *N.A.A.C.P. v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011)(quoting *Scott v. Harris,* 550 U.S. 372, 380 (2007)).

At the summary judgment stage, the judge's function is not to weigh the evidence or to determine the truth of the matter; rather it is to determine whether there is a genuine issue for trial. *Anderson,* 477 U.S. at 249. The proper inquiry of

the court "is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

Where, as here, a party moves for summary judgment on an issue for which he bears the ultimate burden of proof, the moving party faces a difficult road in seeking summary judgment. *United States v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011). "[I]t is inappropriate to grant summary judgment in favor of a moving party who bears the burden of proof at trial unless a reasonable juror would be compelled to find its way on the facts needed to rule in its favor on the law." *El v. Se. Pa. Transp. Auth.,* 479 F.3d 232, 238 (3d Cir. 2007) (footnote omitted). A party who has the burden of proof must persuade the factfinder that his propositions of fact are true, and "if there is a chance that a reasonable factfinder would not accept a moving party's necessary propositions of fact, pre-trial judgment cannot be granted." *Id*. "Specious objections will not, of course, defeat a motion for summary judgment, but

11

real questions about credibility, gaps in the evidence, and doubts as to the sufficiency of the movant's proof, will." *Id.*

**B. Clouser Is Not Entitled to Summary Judgment.**

Clouser is seeking summary judgment as to his Fourth Amendment claim against Johnson based on his imprisonment from April 11, 2011 until October 4, 2011. He is also seeking summary judgment on his Sixth Amendment claims against Johnson and Vogel.

Although Clouser has filed a statement of material facts, he has not complied with Local Rule 56.1, which requires that a moving party's statement of material facts contain references to parts of the record that support the statements. Moreover, the circumstances surrounding the incidents leading to Clouser's claims have not, on this record, been sufficiently fleshed out such that the Court can conclude that Clouser is entitled to judgment as a matter of law.

Also, a litigant, like Clouser, who challenges the validity of a "warrant on the basis that a law enforcement agent submitted a false statement must satisfy the

two-part test of *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)." *Woods v. Grant*, 381 F. App'x 144, 147 (3d Cir. 2010). "A plaintiff must prove by a preponderance that the agent knowingly and deliberately, or with reckless disregard for the truth, made false statements in applying for a warrant, and that the statements were material or necessary to the probable cause finding." *Id.* While Clouser attempts to show that Johnson submitted a false statement about the precursors to Fentanyl being found during the search, standing alone his evidence does not compel a conclusion that Johnson knowingly and deliberately, or with reckless disregard for the truth, made a false statement that was material to a finding of probable cause.

Further, to the extent that Clouser's claim against Johnson is construed as a malicious prosecution claim, Clouser has failed to establish such a claim. "To prevail on a malicious prosecution claim under section 1983, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the

13

plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. Philadelphia,* 582 F.3d 447, 461 (3d Cir. 2009). Clouser has simply not addressed all the elements of a malicious prosecution claim.

Also, exactly what happened at the March 29, 2011 meeting involving Johnson and Vogel in in dispute, and Clouser has not established the facts such that we can say as a matter of law that Clouser's right to counsel was violated. Moreover, assuming that there was a Sixth Amendment violation of Clouser's right to counsel, on the current record it is not clear whether a judgment in favor of Clouser on such a claim would necessarily imply the invalidity of his conviction or sentence such that his claim is barred by the favorable-termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994)(holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254").

Clouser bears that burden of proving his claims. It is a difficult burden for a plaintiff to establish that he is entitled to summary judgment, and Clouser has failed to meet that burden. Accordingly, we recommend that the Clouser's motion for partial summary judgment be denied.

## IV. Recommendation.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that Clouser's motion (doc. 48) for partial summary judgment be denied and that the case be remanded to the undersigned for further proceedings.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the

portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 25th day of November, 2013.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge