# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHAN W. CLOUSER,** | : | CIVIL ACTION NO. 1:12-cv-1870 |
| **Plaintiff,** | : | (Chief Judge Conner) |
| v. | : | |
| **TODD JOHNSON,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 18th day of December, 2013, upon consideration of the report of Magistrate Judge Susan E. Schwab (Doc. 70), recommending the court deny the *pro se* plaintiff's motion (Doc. 48) for partial summary judgment, and, following an independent review of the record, it appearing to the court that the *pro se* plaintiff has failed to satisfy the difficult burden of proving that he is entitled to judgment as a matter of law, and it further appearing that neither party has objected to the report, and that there is no clear

error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 70) is ADOPTED in its entirety.

2. Plaintiff's motion (Doc. 48) for partial summary judgment is DENIED.

3. This matter is REMANDED to the magistrate judge for further proceedings, to include resolution of the *pro se* plaintiff's pending motion (Doc. 74) to compel and all other pre-trial matters.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.