UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nathan W. Clouser, | : | CIVIL NO: 1:12-CV-1870 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| Todd Johnson, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# ORDER
May 19, 2014

In this action, Plaintiff Nathan W. Clouser ("Clouser"), a federal inmate, claims that defendants violated his constitutional rights in connection with criminal proceedings against him.[1] Presently before the court is Clouser's motion to compel the production of documents, pursuant to Fed. R. Civ. P. 37(a). *Doc.* 74. For the reasons set forth below, I will grant Clouser's motion.

I. **Relevant Background.**

On July 31, 2013, Clouser filed a motion for partial summary judgment (*doc.* 48), which the court denied on December 18, 2013. *Doc.* 76. Defendants then filed a motion for an enlargement of time to complete

---

[1] The background and procedural history of this case may be found in my Report and Recommendation (*doc.* 70) regarding Clouser's motion for summary judgment, which was adopted by the Court in its entirety. *Doc.* 76.

discovery, (*doc.* 71)*,* which was granted by the court.  *Doc.* 72.  On December 18, 2013, Clouser filed a motion to compel.  *Doc.* 75.  On January 27, 2014, I held a telephone conference during which the discovery disputes were narrowed and defense counsel was given leave to file a letter brief addressing Clouser's request for the production of the internal affairs files of defendants Todd Johnson ("Johnson"), a detective in charge of the Dauphin County Drug Task Force ("DC Task Force") and Regis Vogel, III, ("Vogle"), an officer with the Task Force (*doc.* 75, Exh. A #8), and a list of complaints made against all DC Task Force officers in the last five years.  *Doc.* 75, Exh. D #2.

On January 29, 2014, defendants filed their letter brief asserting that although they are county employees, they are also members of an Attorney General drug task force created pursuant to 53 Pa.C.S. § 2303 and thus are considered Commonwealth employees entitled to sovereign immunity.  *Doc.* 85.  Accordingly, defendants contend that Clouser's official capacity claims against defendants are not viable as a matter of law and predict that such claims will be dismissed, negating any need for them to respond to Clouser's discovery requests.[2]  *Id.*  Clouser filed a reply brief on February 4, 2014,

---

[2]  The complaint names Johnson in his official capacity and Vogel in his individual capacity.

2

disputing defendants' contention that they are to be considered Commonwealth employees for purposes of this action.

On February 24, 2014, defendants filed a motion for summary judgment. *Doc.* 93. In our Report and Recommendation (*doc.* 110*)*, we recommended that the defendants' motion for summary judgment be granted with respect to Clouser's claim based on his confinement from April 11, 2011 until October 4, 2011, and denied with respect to Clouser's Fourth Amendment search claims and Sixth Amendment right to counsel claim. We further recommended that defendants request for summary judgment on this issue of sovereign immunity be denied.

**II.   Discussion.**

**A. Discovery Standards.**

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. In accordance with this rule, a party seeking discovery may move for an order compelling production or inspection. Fed.R.Civ.P. 37(a)(3)(B). Such a motion may be made upon a party's failure to respond to an inspection request or upon the failure to permit inspection, as requested under Rule 34. Fed.R.Civ.P. 37(a)(3)(B)(iv). The scope of discovery that may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> ***(1) Scope in General***. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d. Cir. 1974); *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). "This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters." *Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.,* 174 F.R.D. 572, 585 (D.N.J.1997).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information," a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Morrison v. Philadelphia Housing Auth.*, 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *In re Urethane Antitrust Litigation,* 261 F.R.D. 570, 573 (D.Kan. 2009).

Finally, another rule defines the court's discretion when ruling on motions of this type: the court cannot compel the production of things that do not exist, nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. Therefore, absent proof of deliberate spoliation of evidence, the court cannot sanction the failure to produce that which no longer exists. *See, e.g.,AFSCME District Council 47 Health and Welfare Fund v. Ortho–McNeil–Janssen Pharmaceuticals, Inc.,* No. 08–5904, 2010 WL 5186088 (E.D.Pa. Dec.21, 2010); *Knauss v. Shannon,* No. 08–1698, 2009 WL 975251 (M.D.Pa. April 9, 2009). In cases involving incarcerated individuals, the court also has discretion to deny the production of documents which may pose potential security and confidentiality concerns if they are released. *United States v. O'Neill*, 619 F.2d 222 (3d Cir.1980).

### B. Clouser's Requests are Relevant and not barred by Sovereign Immunity.

Initially, I find, and defendants do not argue to the contrary, that the discovery Clouser seeks is relevant to his claim that Johnson is liable in his official capacity. I understand Clouser's requests for Johnson's and Vogel's internal affairs files and complaints against the D.C. Task Force as bearing

on the requirement that he identify a policy, custom or practice, or course of conduct in order to hold the defendants liable under *Monell*.

Under 42 U.S.C. § 1983, a municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*, *Monell v. Department of Social Servs.,* 436 U.S. 658, 691 (1978), but a municipality may be liable under 42 U.S.C. § 1983 for its own illegal acts. *Connick v. Thompson,* 131 S.Ct. 1350, 1359 (2011). To state a claim against a municipality, the plaintiff must allege that the violation of his rights was caused by a policy of the municipality. *Id.* Municipal policies include the decisions of a government's lawmakers and the acts of its policymaking officials as well as municipal customs, which are acts or practices that, even though not formally approved by an appropriate decisionmaker, are so persistent and widespread as to have the force of law. *Id.*; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003). In other words, a municipality "'can be held responsible as an entity when the injury inflicted is permitted under its adopted policy or custom.'" *Mulholland v Gov't County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013)(quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)).

"Based on the Supreme Court's reasoning in the landmark *Monell* case, courts have recognized a 'two-path track to municipal liability under §

7

1983, depending on whether the allegation is based on municipal policy or custom.'" *Id.* (quoting *Beck,* 89 F.3d at 971 (3d Cir. 1996)). "Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Id.* (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)(citations omitted)(alterations in original). A custom exists when, although not authorized by law, a course of conduct is "so permanent and well-settled as to virtually constitute law." *Id.* "Custom . . . may also be established by evidence of knowledge and acquiescence." *Beck,* 89 F.3d at 971. "To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Additionally, there must be a direct causal link between the policy or custom and the alleged constitutional violation. *City of Canton v. Harris,* 489 U.S. 378, 385 (1989).

As mentioned, Johnson and Vogel contend they are entitled to sovereign immunity, and, therefore, should not be required to comply with Clouser's requests. *Doc. 85.* However, based on our conclusion in the summary judgment Report and Recommendation that the defendants are not entitled to sovereign immunity on the record currently before the court, defendants' argument for failing to respond to Clouser's discovery requests

fails. There being no further objections interposed to Clouser's requests, I will grant his motion to compel but limit the production in accordance with the Report and Recommendation on defendants' motion for summary judgment.

## IV. Order.

**IT IS ORDERED** that Clouser's motion to compel (*Doc. 74*) is **GRANTED**, and within **14** days of this **Order**, the defendants shall produce to Clouser the following:

1. Any Internal Affairs files of Johnson and Vogel from five years prior to March 15, 2011, referring or relating to claims of illegal searches and uncounseled interrogations; and

2. A list of complaints made against all Dauphin County Drug Task Force officers from five years prior to March 15, 2011, referring or relating to claims of illegal searches and uncounseled interrogations.

The defendants shall inform the Court when they have produced the documents.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
