IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHAN W. CLOUSER**, | : | **CIVIL NO. 1:12-CV-1870** |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **TODD JOHNSON**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

# ORDER

AND NOW, this 8th day of September, 2014, upon consideration of the motion (Doc. 121) filed by *pro se* plaintiff Nathan W. Clouser ("Clouser") wherein Clouser seeks reconsideration of the court's memorandum (Doc. 119) and order (Doc. 120) dated August 25, 2014, to the extent the court granted summary judgment to defendants with respect to his Fourth Amendment false arrest and false imprisonment claims, and Clouser's simultaneous motion (Doc. 123) for leave to file a renewed motion for summary judgment with respect to his Fourth and Sixth Amendment claims, (see (Doc. 123-1 (proposed motion)), and, as to Clouser's motion (Doc. 121) for reconsideration, the court observing that the purpose of such motions is to present newly discovered evidence or to correct manifest errors of law or fact, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and noting that the court possesses an inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), but that such

relief is to be granted "sparingly," Montanez v. York City, Civ. No. 12-cv-1530, 2014 U.S. Dist. LEXIS 96521, at *20 (M.D. Pa. July 16, 2014) (quoting Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)), and that a party may not use a motion for reconsideration as a means to relitigate matters of disagreement with the court, see Boretsky v. Governor of N.J., 433 F. App'x 73, 78 (3d Cir. 2011) (quoting Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2007)), nor is such a motion "an opportunity for a party to present previously available evidence or new arguments," Federico v. Charterers Mut. Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 577 (E.D. Pa. 2001); also Harsco Corp., 779 F.2d at 909, and it appearing that Clouser bases his motion on arguments identical to or expanding upon those raised in opposition to defendants' initial motion for summary judgment, and neither identifies nor substantiates a clear error of law in the court's prior decision, and accordingly fails to satisfy the exacting standard of review applied to motions for reconsideration, and further, with respect to Clouser's motion (Doc. 123) for leave to file a renewed motion for summary judgment, the court observing that Clouser merely seeks to reassert the same arguments previously raised before and rejected by the magistrate judge and the

undersigned in his first motion for summary judgment,[1] (Docs. 70, 76), it is hereby

ORDERED that:

1. Clouser's motion (Doc. 121) for reconsideration of the court's memorandum (Doc. 119) and order (Doc. 120) dated August 25, 2014, is DENIED.

2. Clouser's motion (Doc. 123) for permission to file a second motion for summary judgment (Doc. 123) is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] Clouser argues that he should be granted leave to file a new Rule 56 motion because defendants have been granted such leave. (Doc. 123). Defendants' leave is limited to issues not previously raised before or addressed by the magistrate judge or the undersigned and is founded in the court's desire to preserve judicial and counsel's resources. (See Doc. 119 at 22). Contrarily, Clouser seeks leave to relitigate arguments already raised before and resolved by the magistrate judge and the undersigned. (Compare Doc. 123-1 (Clouser's proposed second motion for summary judgment contending that "no reasonable jury would be able to find that [defendants] did not violate" his Fourth and Sixth Amendment rights) with Doc. 48 (Clouser's first Rule 56 motion contending that "no reasonable jury could find for the defense" on his Fourth and Sixth Amendment claims)).