IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHAN W. CLOUSER,** | : | CIVIL ACTION NO. 1:12-CV-1870 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **TODD JOHNSON**, *et al.*, | : | |
| **Defendants** | : | |

## **ORDER AND JUDGMENT**

AND NOW, this 31st day of July, 2015, upon consideration of the report (Doc. 143) of Magistrate Judge Susan E. Schwab, recommending the court grant in part and deny in part the motion (Doc. 127) for summary judgment by defendants Todd Johnson ("Johnson") and Regis Vogle ("Vogle"), wherein the magistrate judge opines that plaintiff Nathan W. Clouser ("Clouser") fails to demonstrate a genuine issue of material fact with respect to the bulk of his constitutional claims, *to wit*: (1) his Fourth Amendment claim under Franks v. Delaware, 438 U.S. 154 (1978), and related procedural due process claim against Johnson; (2) his Sixth Amendment right to counsel claim against both Johnson and Vogle; and (3) his procedural due process claim stemming from the seizure of two packages from the United States Postal Service ("USPS") and United Parcel Service ("UPS") against Johnson, but further recommends that Clouser's Fourth Amendment unlawful seizure claims against Johnson pertaining to both packages survive summary judgment based upon Clouser's allegation that the packages, although not seized by Johnson personally, were in Johnson's possession when Johnson met with Clouser and

asked him to sign two consent-to-search forms, (see Doc. 143 at 32-34), crediting Clouser's assertion that Johnson thus, "at least, acquiesced in the seizure of the packages," (id.), and the court noting that Johnson objected[1] (Doc. 146) to this latter conclusion, asserting: (1) with regard to the USPS package, that the Pennsylvania State Police ("PSP"), not Johnson, ordered the United States Postal Inspector to seize packages directed to Clouser, that the Postal Inspector then ordered a local Postmaster to seize the subject package, and that the package was only thereafter transmitted to Johnson; and (2) with regard to the UPS package, that the record contains no evidence whatsoever regarding its seizure or chain of custody, (see Doc. 147 at 6-8), and, having examined the parties' underlying briefs and the entire Rule 56 record, the magistrate judge's report, and defendants' objection, the court being in agreement with Johnson that Clouser has failed to establish Johnson's personal

---

[1] When a party objects to a magistrate judge's report and recommendation, the district court performs a *de novo* review of the contested portions of the report. See Behar v. Pa. Dep't of Trans., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1998); 28 U.S.C. § 636(b)(1)(C)). The court reviews the uncontested portions of the report for "clear error on the face of the record." Cruz v. Chater, 990 F. Supp. 375, 376-78 (M.D. Pa. 1998).

involvement in an unlawful seizure of either the USPS or the UPS package,[2] and that defendants are entitled to Rule 56 judgment with respect to all of Clouser's remaining claims, it is hereby ORDERED that:

1. The report (Doc. 143) of Magistrate Judge Susan E. Schwab is ADOPTED to the extent it recommends granting defendants' motion (Doc. 127) for summary judgment with respect to: (1) plaintiff's Fourth Amendment claim under Franks v. Delaware, 438 U.S. 154 (1978), and a related procedural due process claim; (2) his Sixth Amendment right to counsel claim; and (3) his procedural due process claim stemming from the seizure of the USPS and UPS packages. The court declines to adopt the report to the extent it recommends denying defendants' motion with respect to plaintiff's Fourth Amendment seizure claim.

---

[2] The report and recommendation credits Clouser's "acquiescence" theory, citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), and Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995), for the proposition that personal liability in a Section 1983 violation may be shown, *inter alia*, by "acquiescence" in a known violation. (See Doc. 143 at 33-34). The court agrees that a Section 1983 plaintiff may establish individual liability by demonstrating *either* participation in the violation or knowledge and acquiescence therein. Rode, 845 F.2d at 1207. However, assuming *arguendo* that mere acceptance of a package constitutes "acquiescence" in its initial seizure, the record nonetheless fails to establish that Johnson *knew* that a seizure in which he purportedly acquiesced was unlawful. See Rode, 845 F.2d at 1207 ("Personal involvement can be shown through allegations of personal direction or *of actual knowledge and acquiescence*." (emphasis added)). Section 1983 liability on an acquiescence theory will not attach absent a showing of contemporaneous, personal knowledge—mere after-the-fact knowledge will not suffice. See Evancho v. Fisher, 423 F.3d 347, 353-54 (3d Cir. 2005). Clouser offers no evidence at this Rule 56 stage establishing that Johnson knew at the time he accepted the packages that their initial seizure was unlawful. (See Doc. 134 at 4-5 (in one-paragraph response to defendants' personal involvement argument, asserting: "Johnson had possession of the packages in his office . . . . This shows at least Johnson's acquiescence of the illegal seizure of the packages.")). The court concludes that Johnson's acceptance of packages seized by another and unknown to him to have been unlawfully seized cannot support a jury finding that Johnson was *personally* involved in an unlawful seizure.

2. Defendants' motion (Doc. 127) for summary judgment is GRANTED in its entirety.

3. Judgment is ENTERED in favor of defendants Todd Johnson and Regis Vogle and against plaintiff Nathan W. Clouser.

4. The Clerk of Court is further directed to CLOSE this case.

     /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania